**RUSS, AUGUST & KABAT**
Marc A. Fenster (CA SBN 181067)
Email: mfenster@raklaw.com
Reza Mirzaie (CA SBN 246953)
Email: rmirzaie@raklaw.com
Brian D. Ledahl (CA SBN 186579)
Email: bledahl@raklaw.com
C. Jay Chung (CA SBN 252794)
Email: jchung@raklaw.com
Philip X. Wang (CA SBN 262239)
Email: pwang@raklaw.com
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
Telephone: (310) 826-7474
Facsimile: (310) 826-6991

*Attorneys for Plaintiff*
*REALTIME ADAPTIVE STREAMING LLC*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**WESTERN DIVISION**

| | |
|---|---|
| REALTIME ADAPTIVE STREAMING LLC,<br><br>Plaintiff,<br><br>v.<br><br>HULU, LLC,<br><br>Defendant. | Case No. 2:17-cv-07611<br><br>**REALTIME ADAPTIVE STREAMING LLC'S EX PARTE APPLICATION FOR LEAVE TO FILE UNDER SEAL CERTIFICATION AND NOTICE OF INTERESTED PARTIES (Local Rule 7.1-1)** |

Pursuant to Civil L.R. 79-5.2.2(b), Plaintiff Realtime Adaptive Streaming LLC ("Realtime") seeks to file under seal its CERTIFICATION AND NOTICE OF INTERESTED PARTIES under Local Rule 7.1-1 ("Certification").  To sum, Realtime's interest in maintaining the confidentiality of the documents outweighs the public's right of access for the reasons detailed in the accompanying Declaration of Reza Mirzaie, which explains the reasons Realtime seeks to file the Certification under seal and the harm to Realtime that may result from public disclosure of the Certification.  On the other hand, Realtime believes the public has little if any interest in this information as it is provided solely for the benefit of the Court "[t]o enable the Court to evaluate possible disqualification or recusal." *See* Local Rule 7.1-1.  Accordingly, Realtime has shown "good cause" for sealing the Certification under the standards discussed in *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006), and the Court should grant Realtime's application to file the Certification under seal pursuant to L.R. 79-5.2.2(a).

In the Ninth Circuit, there are two alternative standards for filing documents under seal, as explained in *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016) ("*Chrysler*").  *See also Shultz Steel Co. v. Cont'l Cas. Co.*, No. CV1408044RSWLASX, 2016 WL 1465315, at *1 (C.D. Cal. Apr. 14, 2016) ("The Ninth Circuit has enumerated two different standards that a moving party must meet for an application to file judicial documents under seal to be granted.  For judicial documents connected to a 'dispositive motion,' the movant must show 'compelling reasons' for sealing the specified judicial records. For judicial documents connected to a 'non-dispositive motion,' the movant must show 'good cause' for sealing the specified judicial records.").  Documents sought to be sealed that are attached to a dispositive motion or a "motion [that] is more than tangentially related to the merits of a case", such as the preliminary injunction

RUSS, AUGUST & KABAT

1

REALTIME ADAPTIVE STREAMING LLC'S *EX PARTE* APPLICATION
FOR LEAVE TO FILE UNDER SEAL CERTIFICATION AND NOTICE OF INTERESTED PARTIES (Local Rule 7.1-1) (Case No. CV17-CV-07611)

motion at issue in *Chrysler*, are subject to a "compelling reasons" standard. However, documents that are only tangentially related to the merits of a case, such as materials attached to a discovery motion, may be sealed under a showing of "good cause" only. *See Chrysler*, 809 F.3d at 1097 ("Despite this strong preference for public access, we have 'carved out an exception,' for sealed materials attached to a discovery motion unrelated to the merits of a case. Under this exception, a party need only satisfy the less exacting 'good cause' standard.) (internal citations omitted).

The lower "good cause" standard derives from the Fed. R. Civ. P. 26(c)(1) standard allowing a protective order to be issued for "good cause." *See Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002) ("When a court grants a protective order for information produced during discovery, it already has determined that "good cause" exists to protect this information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality. Applying a strong presumption of access to documents a court has already decided should be shielded from the public would surely undermine, and possibly eviscerate, the broad power of the district court to fashion protective orders. Although we understand the public policy reasons behind a presumption of access to judicial documents (judicial accountability, education about the judicial process etc.), it makes little sense to render the district court's protective order useless simply because the plaintiffs attached a sealed discovery document to a nondispositive sanctions motion filed with the court.").

Here, Realtime's certificate of interest which identifies interested parties to the Court "[t]o enable the Court to evaluate possible disqualification or recusal" is not even "tangentially related to the merits of a case", which concerns the issues of whether Realtime's asserted patents are valid and infringed and the amount of

2

REALTIME ADAPTIVE STREAMING LLC'S *EX PARTE* APPLICATION
FOR LEAVE TO FILE UNDER SEAL CERTIFICATION AND NOTICE OF INTERESTED PARTIES (Local
Rule 7.1-1) (Case No. CV17-CV-07611)

damages due to Realtime.  See *Chrysler*, 809 F.3d at 1101; Local Rule 7.1-1.  In particular, Realtime's certificate of interest is even less related to the merits of this case than a non-dispositive discovery motion would be, which has already been held to be subject to the lower "good cause" standard.  See *Chrysler*, 809 F.3d at 1097.  Thus, Realtime's request to seal its certificate of interest, under controlling Ninth Circuit law, is only subject to the "good cause" standard that would be applicable to a request for a Protective Order covering the same document.

In appropriate circumstances, this District has allowed materials to be filed under seal.  *See, e.g., Advanced Media Networks LLC v. Row 44 Inc*, No. CV1211018GAFJCGX, 2014 WL 10965229, at *2 (C.D. Cal. Oct. 28, 2014) (allowing filing under seal of a settlement agreement and financial balance sheets, which the court found were "clearly confidential").

Here, the underlying agreement between Realtime and its litigation financing company is confidential.  Moreover, the agreement explicitly provides that the identity of the parties to the agreement is itself to be treated as confidential information.  The agreement also explicitly provides that all terms of the agreement are to be treated as confidential information.[1]

Harm to Realtime would result from publicly disclosing the identity of parties providing litigation financing for this action to Realtime.  In particular, Realtime's ability to obtain further financing for this litigation may be harmed by such disclosure.  In addition, Realtime's ability to obtain further financing for other litigations may also be harmed by such disclosure.  Further details are explained in the accompanying Declaration of Reza Mirzaie.  *See* http://www.crainsnewyork.com/article/20150210/SMALLBIZ/302089990?template=print (attached as Exhibit A to Mirzaie Declaration) (litigation finance

---

[1] If the Court would like to review this agreement, Realtime can submit it to the Court for *in camera* review.

3

companies "help entrepreneurial firms that retain them to wage battles against bigger, better-funded companies that steal their intellectual property … 'It has to do with leveling the playing field and access to justice' … Some litigation funders take on cases for … small and medium-size businesses, sometimes venture-backed, that can't afford high-priced lawyers or, in some cases, to even continue to grow or run their businesses while a lawsuit plods along.").

For these reasons, Realtime submits that it has shown "good cause" to file its Certificate of Interest under seal, and the Court should grant Realtime's application to file the Certification under seal pursuant to L.R. 79-5.2.2(a).

Dated: October 18, 2017

Respectfully submitted,

**RUSS AUGUST & KABAT**

By: /s/ *Reza Mirzaie*
Reza Mirzaie

Marc A. Fenster (CA SBN 181067)
Reza Mirzaie (CA SBN 246953)
Brian D. Ledahl (CA SBN 186579)
C. Jay Chung (CA SBN 252794)
Philip X. Wang (CA SBN 262239)
**Russ August & Kabat**
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
(310) 826-7474
mfenster@raklaw.com
rmirzaie@raklaw.com
bledahl@raklaw.com
jchung@raklaw.com
pwang@raklaw.com

*Attorneys for Plaintiff*
*REALTIME ADAPTIVE STREAMING LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a). Therefore, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service will be served with a true and correct copy of the foregoing by email or mail on this the 18th day of October, 2017.

        /s/ *Reza Mirzaie*
        Reza Mirzaie