UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority ____
Send ____
Enter ____
Closed ____
JS-5/JS-6 ____
Scan Only ____

===============================================================================

**CASE NO.:** CV 17-07611 SJO (FFMx)   **DATE:** October 20, 2017

**TITLE:** Realtime Adaptive Streaming LLC v. Hulu, LLC

===============================================================================

**PRESENT:** THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE

Victor Paul Cruz                              Not Present
Courtroom Clerk                               Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**            **COUNSEL PRESENT FOR DEFENDANTS:**

Not Present                                   Not Present

===============================================================================

**PROCEEDINGS (in chambers): ORDER DENYING EX PARTE APPLICATION TO FILE DOCUMENT UNDER SEAL** [Docket No. 4]

This matter is before the Court on Plaintiff Realtime Adaptive Streaming LLC's ("Realtime") Ex Parte Application to File Document Under Seal, filed October 18, 2017.

Realtime seeks leave of the Court to file its Certification and Notice of Interested Parties under seal. (Dkt. No. 4 ("Application").) The justification for this request is that Realtime wishes to keep confidential the identity of the litigation financing company engaged in this case. (App. 3.) The agreement between the two "explicitly provides that the identity of the parties to the agreement is itself to be treated as confidential information" and "that all terms of the agreement are to be treated as confidential information." (App. 3.)

The courts recognize a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978). They also "have expressly recognized that the federal common law right of access extends to pretrial documents filed in civil cases." *San Jose Mercury News, Inc. V. U.S. Dist. Court–Northern Dist. (San Jose)*, 187 F.3d 1096, 1102 (9th Cir. 1999). Thus, "unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir.2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir.2003)). For non-dispositive motions, "a 'particularized showing' under the 'good cause' standard of Rule 26(c) will suffice." *Id. at* 1180 (quoting *Foltz*, 331 F.3d at 1138).

Here, the sole justification for filing under seal is that the parties to the litigation financing agreement have decided between themselves that the funder's identity should be withheld. This alone does not constitute good cause for restricting public access to court records. Accordingly, the Court **DENIES** the Application to Seal.

IT IS SO ORDERED.